IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

DOCKET NO. 1:07CR106

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | **SEVENTH PRELIMINARY ORDER OF FORFEITURE** |
| (1) HENDERSON AMUSEMENT, INC. ) (2) JAMES OTIS HENDERSON, ) | |
| Defendants. ) | |

FILED
ASHEVILLE, NC
MAY -1 2012
U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

As a result of the guilty pleas of the defendants to the violations stated in the Bill of Information, for which the United States sought forfeiture pursuant to 18 U.S.C. § 981, 982, 1955 and 28 U.S.C. § 2461(c), the defendant shall forfeit to the United States all property constituting or derived from any proceeds the defendant obtained, directly or indirectly, as a result of such violations; and/or all property used or intended to be used in any manner or part to commit or facilitate the commission of the violations.

The Court has determined, based on the Bill of Information; the defendants' guilty pleas; the Consent Orders and Judgments of Forfeiture of the defendants; the Motions by the United States for the First, Second, Third, Fourth, Fifth, Sixth and Seventh Preliminary Orders of Forfeiture; the entry by the Court of the First, Second, Third, Fourth, Fifth and Sixth Preliminary Orders of Forfeiture; the entry by the court of the First, Second, Third and Fourth Final Orders of Forfeiture; that the defendants have an interest in the below-described property which, pursuant to 21 U.S.C. § 853(p)(1)(A), (B), and (E) and Fed. R. Crim. P. 32.2(e), is now subject to forfeiture as substitute property for a portion of the Court's original Order of a money judgment

1

of criminal proceeds.

It is therefore **ORDERED**:

1. Pursuant to 21 U.S.C. § 853(p) Fed. R. Crim P. 32.2(e) providing for the forfeiture of substitute property, the following property is hereby forfeited to the United States for disposition according o law, subject to the provisions of 21 U.S.C. § 853(n):

   (a) **$18,344.77 in United States currency seized from an account located at Regions Bank, 235 S. Pine Street, Spartanburg, South Carolina in the name of Henderson Amusement Inc.**

   (b) **$9,021.61 in United States currency, seized from an account located at First Citizens Bank of South Carolina, 450 E. Henry Street, Spartanburg, South Carolina in the name of James O Henderson.**

2. The Attorney General (or a designee) is authorized to seize the forfeited property subject to forfeiture; to conduct any discovery proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights. Fed. R. Crim. P. 32.2(b)(3).

3. Pursuant to 21 U.S.C. § 853(n)(1) and Fed. R. Crim. P. 32.2(b)(6), the United States shall post on an official government internet site (www.forfeiture.gov), for at least 30 consecutive days, notice of this order and of its intent to dispose of the property in such a manner as the United States may direct. The United States may also, to the extent practicable, provide direct written notice of this forfeiture.

4. Any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property may, within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of the petitioner's alleged interest in the property, and for an amendment of the order of forfeiture pursuant to 21 U.S.C. § 853(n). The petition shall be signed by the

petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; and any additional facts supporting the petitioner's claim and the relief sought. 21 U.S.C. § 853(n)(2) and (3).

5. After the disposition of any motion filed under Fed. R. Crim P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

6. This Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgement. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7. Upon adjudication of third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32(c)(2).

8. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

This the 1st day of May, 2012.

THOMAS SELBY ELLIS, III
UNITED STATES DISTRICT JUDGE